Good morning. Good morning. If the Court please, we'd like to reserve five minutes for rebuttal. Okay. Keep an eye on the clock. I'll try to help you. And since this is the before-lunch argument, I'll do my best to be brief. The district court legal interpretation of the indemnity provision, which is the first part of Section 11.1, as if it were a fee-shifting provision which compensated a party for work done on a losing claim. Could you start with how why we have jurisdiction in this case? It sounds like you're going to the merits, but I'm concerned about whether we have jurisdiction at all. Okay. In summary, I think what exists is what I learned in law school as derivative jurisdiction. And what the Sparta case says is look at it under a properly pleaded complaint. In Arizona, we have notice pleading. We have explicitly ruled, the Supreme Court has, it won't follow Twombly. Almost anything that's pleaded is not vulnerable to a motion to dismiss. But when the plaintiff said that in the complaint that we violated the securities laws, that was understood by the parties and the Court right from the beginning to mean the Federal securities laws. And the Court actually adjudicated a number of issues under the Federal securities laws. But on the claim, to the extent that the Court understood that to be making a claim for a violation of the securities laws, as opposed to a little bit of some other claim, to the extent that it thought there was a claim for violation of securities laws, didn't the Court treat it as just a naked assertion that had no support and so a frivolous claim? And so shouldn't we consider that to be insufficient to be enough to support subject matter jurisdiction? Well, no, because the Court actually adjudicated those issues. And in one of its orders, I think it was 14, docket 14, on the motion to dismiss or transfer, it actually said, I have jurisdiction because this is what they are asserting, and evidently, evidently, poses a claim and do have to be licensed under the Federal securities laws to get compensation. But the license under the securities laws was part of a defense to the claim that they should get compensated to be monitors. I'm talking about the other argument that supposedly supports jurisdiction, which is that there was a claim for a violation of the securities laws. And at least as I read District Court docket 161, I think the District Court said, Plaintiffs further allege that defendants have committed securities fraud under both Federal and Arizona statutes. A complaint does not suffice if it tenders naked assertions devoid of further factual enhancement. Based on the foregoing discussion in the record before this Court, plaintiffs cannot state a claim for securities fraud. Wasn't the Court saying that was really never a claim in this case? No, Your Honor, because it's two different things. They — the plaintiff alleged two things. One is that they were entitled to compensation. And they agreed that an element of that would have to be whether or not they were licensed under the securities laws.  And the other element embedded in the plaintiff's claim was also a defense. They also alleged — Wait a minute. Aren't you really mixing up the contractual dispute with the securities law claim? Right. At least that's what I'm wrestling with. I mean, as a matter of contract law, yeah, I get that. But that can be a state law claim. And indeed, it's a Delaware law-based claim. But what I'm troubled with, and I gather my colleagues are as well, is that you have the district court finding, and I think my colleague cited it, that the district court concluded that Pozes and Kleinman were not investment advisors requiring registration under the Investment Advisors Act of 1940, and that that was in response to an affirmative defense that the contract was void. Under the circumstances, since that's gone, they're not — you don't need to be an investment advisor to be compensated. Isn't all we have left a Delaware contract claim? No, Your Honor, because they also allege that we committed securities fraud. And they — But that's the part I was just reading. The district court said that was never really a claim. Well, they lost it on the merits because they didn't deduce the evidence. And so a naked assertion with no support, isn't that just a claim that isn't enough to support Federal jurisdiction? They never really had even a colorable or even — I mean, we think it was meritless. However, they moved for summary judgment and alleged it and briefed it. And we argued that the evidence was insufficient. And there was also other defenses based upon Delaware law that the — If a claim is frivolous, isn't that, under the Belle v. Hood case from the Supreme Court long ago, case 1946, isn't a frivolous claim not enough to support Federal jurisdiction? Are you saying that this claim that was against your clients was not frivolous? No. I don't think it was — I think it was meritless. I — I think that a frivolous claim is — is, in the context of pleading, is something that is just — it's totally beyond the pale. It's not recognizable. But, no, it wasn't an element. It wasn't an element of the case. Well, I think it was an element. And — and — and the other aspect of jurisdiction is the cases we cite — Is it an element for the cause of action? Yes. And — and it's indispensable? If you leave that out, you have no case? Yes. That was — that was our view, and that's what we argued. And they agreed that — But the agreement won't help you in the — I know. — forget jurisdiction. I know. You don't get it by stipulation. I know. But if these people, they were paid a fee based on the percentage of the investors they secured. They were solicitors, in our view. They also had to monitor and report on the investors. Those were investment — investment advisors. The evidence was that — I think it was Kleinman, who was actually registered at some point, but was no longer registered. And when this dispute arose, it was discovered that Pozes was never registered. And so, in addition to a defense, it was a counterclaim that was actually litigated, because we counterclaimed, saying that what we paid them was under — under the misapprehension that they were registered. But that's — that's — clearly, it has to be in a well-pleaded complaint. That's just Hornbook law. You can't get it from a counterargument. There's just no jurisdiction. We think we've briefed under Mackey and Fox that if a counterclaim is asserted, litigated before judgment, the district court has jurisdiction. We had — we had those two cases. Now, I — I understand that the complaint on its face, and I did not remove it. And I also understand that — that when the complaint was amended — But, sorry, when you say you did not remove it, you mean — My predecessor. We — we — we had a different view in terms of — the district court in Tucson is so overwhelmed with immigration and dope cases that — that the civil cases never get to trial. And — and there was — this was a — So this case never went to trial? Only on the — the program monitor fees that — after seven or eight years. But to get back to the point, there is authority — well, I interrupted myself. And Mr. Dichter did the amended complaint, and I think he could address this. When he amended the complaint after removal, he — he also did not do a well-pleaded complaint. He didn't plead Federal jurisdiction on the — so he just took a State court complaint and added causes of action. And I think he will tell you the reason he did that is because we all knew, and the Court had acknowledged that he was alleging securities fraud. But then it turned out he wasn't, really. Well, he was alleging it, but he — he didn't have sufficient evidence. He lost on summary judgment. It was a substantive motion. It wasn't a motion to dismiss on the grounds that the complaint was frivolous. It was actually a summary judgment motion in which the Court received evidence, affidavits, documents, and so forth and so on. But I thought the Court actually received no evidence. Wasn't that the Court's point, that there really was never an evidentiary showing at all on that claim? There wasn't any meritorious evidence. There certainly was an argument from his point of view that there was evidence that — that — that showed that there were securities fraud. And — and didn't identify whether that's Federal or State security fraud. No. In his motion, he did. Did he? He went to the Federal. Okay. But in the pleadings themselves, aside from the motion, the pleadings themselves, there's no discussion that there's a knowing violation of Federal securities law. Yes. And the — and the — And the law is crystal clear that it must appear in a — in a well-pleaded complaint, or we don't have power, nor does the district court have power, to enter any type of order. We think there's two exceptions to that. We think it's — what I — again, what I learned as derivative jurisdiction or the artful pleading or a properly pleaded complaint, this Court in Sparta said, well, on the face of it, it's just a State law complaint. But if it was properly pleaded, they're talking about a Federal claim. And I think my colleague can — can address that. This was — this was intended to be a Federal claim. And it was lit — and Federal issues were litigated. I thought it was in the State side first. Yes. It was. It was filed in the State court. It's intended to be a State law. But somebody moved it over here. I think — I think the State court does have concurrent jurisdiction either over the 33 Act or the 33 Act. How does that help you here? It — it doesn't — it — it shows what his intention was. What does that matter? Well, under the — whether it's called artful pleading or derivative pleading or properly pleading, if he intended to allege a — a Federal claim, it was actually litigated. The Court had jurisdiction. But I thought you said — Do you have that from our circuit? Pardon me? Do you have that from our circuit? Yes. I think the Sparta case talks about a properly pleaded complaint being an aspect of the well-pleaded complaint rule. And I — I don't think that the — the Fox and Mackey cases that talk about the counterclaim having been litigated is Ninth Circuit. I think those are other circuits. But the bottom line is, what is the — you know, what is — what is the sensible result? Well, I — unfortunately, or fortunately, however you want to look at it, as my colleague has mentioned here, we don't have power-to-side cases. They're not — over which there's no subject matter jurisdiction. And if I understood correctly, you indicated that your colleague took a state court complaint, intended to be that, and simply moved it over to the court, the Federal court. Isn't that really what we're dealing with here? No, because what he did is he took a state court complaint after removal. And after we — both of us raised issues under Federal law. And the court said that he's asserting claims under Federal law. His amended complaint that followed was not pleaded as a Federal complaint. And I think he'll tell you the reason why is because everybody knew he was alleging Federal claims. And that's what he meant when he talked about securities law. So that wasn't a well-pleaded Federal complaint? Not in the traditional sense. Well — Isn't that what we — I don't know what you mean by traditional. But, I mean, don't we have to look at the face of the complaint? And if he doesn't plead a Federal complaint, whatever everybody ever thought was, do we have subject matter jurisdiction? Yes, Your Honor, because there are either dimensions or exceptions. The Sparta case, this Court said — Densha, you said? Yes. Okay. The Sparta court said that the — an aspect of the well-pleaded complaint rule is what would have been alleged in a properly pleaded complaint. I understand that to be derivative jurisdiction. And that is where a Federal claim is intended and litigated. So you equate a well-pleaded complaint as one that would withhold, basically, a diversity jurisdiction, which can, of course, be an entirely State law claim. It depends on what is — We get diversity actions all the time that involve pure issues of State law. There's absolutely no Federal aspect. Are you saying we're supposed to judge this on the basis of diversity jurisdiction? No. There isn't diversity jurisdiction. Okay. If you want to save any of your time, you've got a little over a minute there. Okay. Okay. Now, on the merits of the case? I want to use up this time. Okay. Okay. Okay. If I've used up my time, I'll do that. You are. You're using your time. Absolutely. Good morning. I take it that — and that's why I put it in italics in my brief — that there's no statutory jurisdiction for this. I'm not arguing with the court's inherent jurisdiction. But remember, the original judgment in this case was never appealed. There is a judgment that went through the first six or seven years of litigation. And that's a State court judgment, is it not? No, it's a Federal court judgment. Okay. And what was the subject matter of that? Although you're talking about the one on which the attorney fee was based, is that right? Okay. Never mind. In other words, we're here on an attorney's fees issue, kind of a garden-variety attorney's fees issue. And, you know, we were asked, obviously, a little bit ago, December 22nd, to submit no more than 10 pages or 2,800 words on an issue which, had the original judgment been appealed, would have been the prime focus of the appeal, and there would have been — But jurisdiction can be raised at any time, right? I mean, that doesn't matter. We have to figure out whether there was ever jurisdiction in this case. What I'm saying, Judge, is this. The statute, 1291, says you have jurisdiction over things that have been appealed to you. And 1307 says they have 30 days to appeal. You're saying — and believe me, the last time I tried to tell a judge, you don't have the power to do something, the judge said, Captain Dicker, let me tell you how much power this military court has. So I'm not saying that. That's why I put it in italics. But under the statute, you don't, because it wasn't appealed. If you're going to reach down and examine the whole thing, well, then here's the deal. Wait. Are you saying that because jurisdiction wasn't raised in appeal, we can't consider jurisdiction? I'm saying that you could consider jurisdiction of the appeal of the attorney's fees award. And it's the same problem, right? It comes from the same action. Well, but the judgment from the program monitor's fees award, which — let me go back to the — well, the judgment from the award of the program monitor's fees of $358,000, in which the Court decided, under the Investment Advisors Act of 1940 and under this 33 Act, that my clients, because they were not in the regular trade or profession of giving investment advice, did not need to meet the prerequisite under the security laws. Understand, this isn't a contract where they hired my guys to be the program monitors. This was part of a securities offering. In the securities offering, our people were presented as the program monitors. But there is a requirement, ADB 2, that in order to establish that you — if you are not registered as an investment advisor, or licensed as a security dealer, or you can't show that you're accepted from that, which is what we proved, that we didn't have to be registered, you can't get paid. It's like, here's GO and here's Baltic Street, and if you can't get through Baltic Street, you can't get down to Virginia Avenue. So why did we file this thing in state court? Here's why. Because this limited partnership agreement was set up, like many are, to totally favor the general partner. And what would have happened if we had filed it right in federal court? A motion to transfer venue to the Southern District of New York, which is where venue — that was the first issue we dealt with this in case wouldn't come over. Because venue was established — it was an exclusive venue, and that's why we were able to keep it in Arizona. But by filing it in state court and then they remove it, they've admitted venue. I mean, it's going to be hard for them to move it. Otherwise, we would have been in litigation in New York City. But we had — And there the court might have said, is there really jurisdiction? I'm sorry? In New York, maybe the court would have said, is there really jurisdiction? I mean, someone should have asked if there was jurisdiction here. Well, but we dealt — well, we deal with it. I don't think anybody — nobody raised the question, is there jurisdiction? Because both we and they and the court believe there was, and inherent in the original summary judgment ruling, which is in 2009 — and counsel has the sequence a little long — I'm here — you know, his counterclaim doesn't give it jurisdiction, and my amended complaint didn't give it jurisdiction. The jurisdiction is founded in the part that says a prerequisite to getting paid, to being able to be a program monitor, and getting paid for it is to be licensed as an investment advisor. Where does it say that in the complaint? It doesn't say that in the complaint, but it is a prerequisite to it happening. In other words, it's not just an affirmative defense. It's a prerequisite. You have to be under Federal law, must be licensed, or you can't get paid. Assuming — assuming that that would give you a leg up, what do you do with the law, which is very specific, that it must be in a well-pleaded complaint in order to get jurisdiction? I guess I question what the words, well-pleaded complaint. It's in there. That's the Supreme Court language. Well, I understand that. But I think we fell into, as we pointed out, I think that we — California X. Rel. Lockyer v. Dinergy, which is a 2004 case. In this case, because the causes of action turned on — they turned on our compliance with Federal regulations, our compliance with not having to be registered investment advisors. I mean, that was the entire litigation for the first three years of this case — or four years of this case, was did we have to be registered investment advisors. And — Your argument, I gather, is that even though your complaints didn't say anything about this, that's what everybody understood needed to be done. That's what the case was all about. Sure. What's your position, if the court took the position that the original judgment was based upon a misunderstanding of subject matter jurisdiction, what impact, if any, would that have on this case? Well, this goes back to what I said at the beginning. If the court is going to say we're going to exercise our inherent authority as the judge of the Ninth Circuit to — to reach down on a judgment that was never appealed and say we're going to overturn this $358,000 unappealed judgment because it's inherently in our authority to do that, yes, nobody has raised it, it's — That — that isn't — as you misstated, we have to independently find Federal jurisdiction before we can rule. We're not reaching down. It has to be in a well-completed complaint. No, but that's not — that's not — We're not reaching. We're — you have a responsibility to show in a well-pleaded complaint our jurisdiction. If we don't see it in a well-pleaded complaint, we have to raise the issue. That's our — that's our duty. Well, then what you would do is you would dismiss the action for the attorneys' fees award, and it would get remanded back to State court. My problem is will you also reach down to a judgment that was not appealed and say, based upon the ten pages each of us submitted and the short, relatively short period of time we had to do it, that, no, we're going back to this original judgment, which we acknowledge as a court is not before us. That judgment is not before you. Was the attorneys' fee award proceeding in the same courtroom before the same judge and the same case number as the original judgment? Oh, yes, of course. So it's all the same case. It's just the first thing was the — the entitlement to the fees and the — or, sorry, to the monitoring fees, and the second one is the attorneys' fees. All in the same case, right? Well, there — there were — yeah. The first two — of course they were all — yes. They have the same cause number, Your Honor. Absolutely, they have the same cause number. But one is in a judgment that was not appealed. And what does that mean? What does it mean if a judgment was not appealed? You mean the judgment from the district court? The district court. There are two separate, distinct judgments. You're talking about the district court judgment in this case? There are two separate, distinct district court judgments. The first one is for $358,000. It's a lengthy judgment. It's attached to our extended excerpt of record in response to the December 22nd order. It goes through, chapter and verse, all of the factors of the investment advisor issues, why they didn't have to be licensed. And then it deals with the supplemental jurisdiction issue of did they perform? In deterrence. I mean, once you have established that they were entitled to be the program monitors because they met the requirements of the federal statute to be program monitors, the question next was, well, are they entitled to get paid? That is a question which, standing alone, without the whole first part, you would say, what jurisdiction exists for that? And here's the curious thing about that. That one is a claim by two Arizona residents against the Delaware Corporation, or Limited Liability Corporation, and a limited liability partnership. So there would be diversity jurisdiction for that. And the weird thing about this is, if you were to reach all the way back down to the first unappealed judgment and say, you know, looking at this from 2015 back to 2007, there was never subject matter jurisdiction, you wouldn't dismiss it. You would remand it, because it got removed. You wouldn't just say, you're out of court. You would say, you go back to state court. Then it would be removed on diversity jurisdiction. I mean, the odd thing is, is that ultimately we're in the right place. You're kind of doing it backwards from my perspective. You're saying that because the original action that resulted in this judgment, you believe had subject matter jurisdiction, that therefore, automatically, we have subject matter jurisdiction here. Oh, absolutely. Okay. That's supplemental jurisdiction. On the other hand, from our perspective, if we look at it and we see this complaint coming up, which is basically a state court action, if we were to conclude, and I'm not saying we are, but if we were to conclude there's no subject matter jurisdiction there, would we even have to deal with the original action? We would simply be saying that with respect to this appeal that you've made about these attorney fees, that we don't have subject matter jurisdiction. We don't even have to get to the other one, do we? All right. If we went that way. If you went that way, if you were to just dismiss this appeal and leave the original judgment undisturbed, because there are two judgments. One was never appealed. That's a $358,000 judgment. And the only reason we don't have the money is because in the collection action in Nebraska for a year, these people, not this lawyer, but his clients, took the position that we weren't entitled to the money because they had priority. And then as soon as they settled with the SEC, they dropped that. So now that money should be available to come to us. The other half of the money we have tied up is on the attorney's fees. I would understand this. I would understand if the court, well, it's the chicken and the egg or the cart and the horse. If you are not in a position to disturb, overrule the original judgment, if the original judgment stands, the one for which there was federal jurisdiction completely, even though I brought it in state court and it was removed and we didn't seek to remand it. And the judge decided the whole case based upon, that whole first part of the case, based upon the Investor's Advisement Act and the securities law. Part two, breach of contract action. They didn't pay us our fees. And by the way, there was also an accounting action built in there because we were supposed to monitor and we were entitled to an accounting. Derivative jurisdiction on that, absolutely, they law, right? So absolutely, but still, you have derivative jurisdiction. We cited those cases that we all been If there was federal jurisdiction on part, then we're, we have no problem. I just would cite Albinic, Albingia, Bessex, Adams, AGV, Schenker International, 344F3rd, 931, 2003, this circuit. So sure, once you have the first thing, you automatically have the second. And then you automatically have the attorney's fees issue. So if you go back all the way and you say, this was not appealed, but we're going to go down, reach all the way down to that original unappealed complaint, notwithstanding 1291, notwithstanding 1307, we're going to do it in our inherent power to do it. And if you do, what am I going to do about that if you do that? Like the court, Supreme Court's going to take like cert on the issue. I'm going to get patent bonk review. You have all the power in the world. If you want to do that, you're going to do that. If you do that, we get remanded to state court. We go back seven years. We charge these people now that we, why don't we charge them with racketeering? Were securities fraud at the beginning? Because they were licensed securities people. And what would be the ramifications of a suit that was improperly brought? Well, now that they've settled with the SEC, they don't have any reputations anymore. They owe $2,250,000, which by the way, they're sucking out of our partnership while they continue all of this stuff and the other partnerships. We appreciate your fine argument and hope you're going to have a very nice lunch with your colleague. We're going to hear the rest of his argument and we'll be done. Two quick points, Your Honors. One is, if there was no jurisdiction, there was no jurisdiction for either judgment. The attorney's fee, my colleague wants the best of both worlds. The attorney's fee was ancillary to the award of program monitor fees. He said, we prevailed on program monitor fees. Now pay us our attorney's fees on the whole case. It was an amended judgment. It was, these are not two separate cases. These are not two separate judgments. If there's no jurisdiction, then it should have been remanded to the State court in 2007. And that is the remedy. Now, I urge you not to rule that way because the Sparta case says, and I quote it in my letter brief. Could I ask you a different question? Have you made any progress in figuring out whether there's a settlement in this case? There is no settlement in the case. We think there is a settlement based on our terms. They think, they've alleged that there's a settlement based on terms that I always rejected. So we should assume that the settlement isn't a reason that we don't have jurisdiction at this point. There's no mootness already. The case has not settled. Under Arizona law, we take the Corbin extrinsic view of contract intent. Everything comes in, not just the page. I'll be a witness. He'll be a witness. Two years from now, if we're still vertical, we'll be trying that case in State court. But the last point is that the case is not a mootness, it's not a reason for a settlement. Kennedy. Kennedy. Yes. Yes, Your Honor. In addition to examining the literal language selected by the plaintiff, which I grant you, does not say anything about a federal case. The district court must analyze whether federal jurisdiction would exist under a properly completed complaint. That's why I believe we have federal jurisdiction. In order to get compensated to monitor a security's investment and for soliciting investors an element of their claim for program monitor fees, what they had approved is that they were licensed. The Advisor's Act says- I think you mentioned that before. Okay. Thank you, Your Honor. So we thank you both for your argument. We hope that you have a nice lunch together and settle any grievances. And the court is adjourned for the day.
judges: Wallace, Smith, Friedland